**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

Eastern District of Kentucky
FILED

FEB 11 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 5:25-CR-108-KKC**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**HAO QIU**                                                      **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1204, international parental kidnapping. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3.

2. The essential elements of Count 1 are:

   (a) The Defendant removed or attempted to remove a child from the United States; and

   (b) The Defendant acted with the intent to obstruct the lawful exercise of parental rights.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   (a) The Defendant is a citizen of China who has three children (G.Q., J.Q., and A.Q.) with C.G., a United States citizen who, at all relevant times, resided in Fayette County, in the Eastern District of Kentucky. The Defendant and C.G. were adverse parties in a family court case filed in Fayette County. As part of

that case, on April 22, 2024, the Fayette Circuit Court entered an agreed order pertaining to the custody of the three children. The order provided, in pertinent part:

    i. All three children would reside in Fayette County with C.G., pending further court order or agreement between the parties;

    ii. The Defendant would be permitted to visit the children in Fayette County. The Defendant would only be permitted to travel with the children outside of Fayette County if specifically permitted by subsequent court order or agreement between the parties; and

    iii. C.G. would maintain possession of the children's passports during the Defendant's visits with the children and would be aware of the location(s) of any such visits.

(b) In or the early summer of 2025, the Defendant and C.G. agreed, through counsel, that the Defendant would drive with all three children to Disney World, in Orlando, Florida. Unbeknownst to C.G., the Defendant obtained a duplicate Chinese passport for each of the three children and made reservations to fly with all three children to Beijing, China, through Istanbul, Turkey; Panama City, Panama; Havana, Cuba; Mexico City, Mexico; and Tijuana, Mexico. The Defendant performed these actions with the intent to obstruct C.G.'s lawful exercise of parental rights regarding G.Q., J.Q., and A.Q.

*[handwritten margin annotations: "PDF 1-23-26", "HQ 52.1", "AB 2/11/26"]*

*[handwritten interlineation: "from July 14 the G they were w/ him."]*

(c) ~~On or about July 20, 2025, the Defendant picked up G.Q., J.Q., and A.Q. from C.G.'s residence in Fayette County, Kentucky.~~ Instead of driving to Florida as agreed, the Defendant drove all three children to California. On or about July 26, 2025, the Defendant removed all three children from the United States by crossing the border into Mexico. The Defendant and the children then flew from General A.L. Rodriguez International Airport in Tijuana, Mexico, to Benito Juarez International Airport, in Mexico City, Mexico. On or about July 27, 2025, the Defendant and the children flew from Benito Juarez International Airport to Jose Marti International Airport in Havana, Cuba. On or about July 28, 2025, the Defendant and the children flew from Jose Marti International Airport to Tocumen International Airport in Panama City, Panama. On or about July 28, 2025, Panamanian authorities detained the Defendant as he and the children boarded a plane bound for Istanbul, Turkey. Thereafter, Panamanian authorities returned the children to C.G.'s custody.

4. The statutory punishment for Count 1 is imprisonment for not more than 3 years, a fine of not more than $250,000, and a term of supervised release of not more than 1 year.

A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 2025 manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all actions set forth in Paragraph 3, above.

(c) Pursuant to U.S.S.G. § 2J1.2(a), the base offense level is 14.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(e) Pursuant to U.S.S.G. § 5E1.1, the total amount of restitution is $12,370.21. Of this total, $3,692.36 is payable to C.G. on behalf of G.Q., J.Q., and A.Q. The remaining $8,677.85 will be payable to a government travel account to be specified at sentencing, funds from which were used to cover travel expenses associated with returning the children to the United States.

6. In addition to their general reservations of the right to object to or argue in favor of other Sentencing Guidelines calculations, the parties specifically disagree about the following:

a. The United States reserves the right to argue that the offense level should be increased by 3 levels, pursuant to U.S.S.G. § 2J1.2(b)(2), because the offense resulted in the substantial interference with the administration of justice. The Defendant reserves the right to argue that this enhancement should not apply.

b. The United States reserves the right to argue that the offense level should be increased by 2 levels, pursuant to U.S.S.G. § 3A1.1(b)(1), because the

which is currently in the possession of the Federal Bureau of Investigation: (1) 1 Lenovo Legion laptop computer, model 81SX; (2) 1 white Xiaomi Redmi cellphone, model Note 13 Pro; (3) 1 silver Xiaomi Redmi cellphone, model K50; (4) 1 blue Xiaomi Redmi cellphone, model Note 7; (5) 1 turquoise Apple iPhone, model 11.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in this another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to pay restitution in the total amount of $12,370.21, $3,692.36 of which is owed to C.G. and $8,677.85 of which is owed to a government travel account to be specified at sentencing. The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing

Defendant knew or should have known that a victim of the offense was a vulnerable victim. The Defendant reserves the right to argue that this enhancement should not apply.

c. The United States reserves the right to argue that the offense level should be increased by 2 levels, pursuant to U.S.S.G. § 3B1.3, for the Defendant's abuse of position of private trust in a manner that significantly facilitated the commission of the offense. The Defendant reserves the right to argue that this enhancement should not apply.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing, with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds 12 months, which would be the high end of the advisory guidelines range if the Court does not apply enhancements under U.S.S.G. §§ 2J1.2(b)(2), 3A1.1(b)(1), and 3B1.3 and does apply a reduction under U.S.S.G. § 4C1.1. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. At the conclusion of these proceedings, including the sentencing and any appeal therefrom, the United States will return to the Defendant or his designated custodian the following items that were seized from the Defendant during his arrest in Panama, each of

any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 2/11/26

By: _____
Andrew T. Boone
Assistant United States Attorney

Date: 1-23-26

_____
Hao Qiu
Defendant

Date: 1-23-26

_____
Pamela D. Perlman
Attorney for Defendant

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 2/11/26                    By: _____
                                      Andrew T. Boone
                                      Assistant United States Attorney

Date: 2-11-26                    _____
                                 Hao Qiu
                                 Defendant

Date: 2-11-26                    _____
                                 Pamela D. Perlman
                                 Attorney for Defendant